IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dean Robert Dietrich,                                   Case No. 3:06 CV1952

                                    Plaintiff,          MEMORANDUM OPINION
                                                        AND ORDER

              -vs-
                                                        JUDGE JACK ZOUHARY
United States Air Force,

                              Defendant.

On July 13, 2006, *pro se* Plaintiff Dean Robert Dietrich sued Defendant United States Air Force in the Lucas County Court of Common Pleas alleging he was unjustly removed from active duty in the military. *See Dietrich v. United States*, Case No. CI0200604515 (Lucas Cty. Ct. Comm. Pleas, filed July 13, 2006).  Dietrich asserts that while he was deemed "mentally ill" by the Air Force and removed from service with an honorable discharge, the Service failed to accommodate him during the time he was enlisted.

On August 15, 2006, the United States of America filed a Notice of Removal to the Federal District Court for the Northern District of Ohio pursuant to 28 U.S.C. §1442(a)(1).  Dietrich did not oppose the removal.

**REMOVAL**

Defendant removed this  action pursuant to 28 U.S.C. §1442(a)(1), which states:

(a)  A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1)  The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act, under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The prerequisite for removal of this civil action is that Defendant be a federal officer or agency. *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1979).  Although §1442 does not expressly state that the federal court must have subject matter jurisdiction over the claim against the federal agency, it does grant independent jurisdictional grounds over cases involving a federal agency where a district court otherwise would not have jurisdiction. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 35 (2nd Cir. 1979).  In enacting 28 U.S.C. §1442, Congress recognized that: "federal officers are entitled to, and the interest of national supremacy requires, the protection of a federal forum in those actions commenced in state court that could arrest, restrict, impair, or interfere with the exercise of federal authority by federal officials." *Murray v. Murray*, 621 F.2d 103, 106 (5th Cir.1980).  Because the Air Force is an agency of the United States, removal was proper pursuant to §1442.

## ANALYSIS

In his brief Complaint, Dietrich states that he was "unjustly removed" from the Air Force in 1989.  The Air Force deemed him mentally ill and issued an honorable discharge.  Prior to the discharge, Dietrich had planned a long career in the Air Force with a goal of becoming a commissioned officer.  He complains, however, that the "powers . . . made no accommodation for my ailment nor were any offered" (Compl. at 1).  He seeks $500,000 in compensatory damages and "possibly a commission to rejoin the United States Air Force and/or all back pay and damages to my character and stigma for my mental illness" (Compl. at 1).

2

## STANDARD OF REVIEW

*Pro se* pleadings are to be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted here satisfy this criteria.

One of the most important reasons for removing an action under Section 1442(a) is to have the validity of a colorable federal defense tried in a federal court. *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969). While the Defendant has yet to raise any defense, it is apparent on the face of the pleading that Dietrich's claim for relief is not available and no longer open to discussion. As such, this case is subject to *sua sponte* dismissal.

## DISABILITY DISCRIMINATION
## MILITARY PERSONNEL

"Congress has created, and . . . [the Supreme Court] has long recognized two systems of justice, to some extent parallel: one for civilians and one for military personnel." *Chappell v. Wallace*, 462 U.S. 296, 303-04 (1983). Congress has plenary authority over the military and has exercised that authority to establish statutes regulating military life and to provide for a comprehensive system of military justice. It is that system that provides for the review and remedy of complaints and grievances of uniformed members of the armed forces. *Id.* at 301-03. Given the limited access to civilian courts, the first determination is whether Plaintiff, formerly of the Air Force, may seek relief in a federal court under the Americans with Disabilities Act (ADA).

The U.S. Supreme Court has held that soldiers cannot bring a suit for damages in a civilian court alleging racial discrimination by their superiors. *Id.* The Sixth Circuit has held that uniformed

3

members of the armed forces are also barred from bringing claims under the ADA. *Coffman v. State of Michigan*, 120 F.3d 57, 58-59(6th Cir.1997) (citing *Chappell*). The Court found no congressional indication that the remedies provided in the ADA were to be extended to uniformed members of the military. Because Dietrich's discrimination claims "arise out of activity incident to [his] Air Force service" (citations omitted), he is not entitled to pursue his disability/discrimination claim in this Court. *United States v. Stanley*, 483 U.S. 669, 681 (1987).

Consistent with the reasoning in *Chappell*, several courts of appeals have refused to extend statutory remedies available to civilians to uniformed members of the armed forces absent a clear direction from Congress to do so. *See, e.g.,Coffman v. State of Mich.*, 120 F.3d 57, 59 (6th Cir. 1997) (remedies for disability discrimination under Americans with Disabilities Act, Rehabilitation Act, and Michigan Handicapper's Civil Rights Act are not available to uniformed members of the armed forces); *Stinson v. Hornsby*, 821 F.2d 1537 (11th Cir.1987); *Roper v. Department of the Army*, 832 F.2d 247 (2d Cir.1987); *Gonzalez v. Department of the Army*, 718 F.2d 926 (9th Cir.1983); *Johnson v. Alexander*, 572 F.2d 1219 (8th Cir.1978).

Accordingly, this action is dismissed under Section 1915(e). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

     s/ Jack Zouhary
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 17, 2006

---

[1] 28 U.S.C. §1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

4